**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

LEONARD STRICKLAND,   :
           :
   **Plaintiff,**     :
           :
**v.**           :   **Case No. 5:25-cv-489-MTT-CHW**
           :
**HOWARD COMBELLE,** *et al.*,  :
           :
   **Defendants.**    :
_____ :

## ORDER

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Leonard Strickland, a prisoner currently incarcerated at the Coastal State Prison in Garden City, Georgia (ECF No. 1).  Plaintiff has also moved for leave to proceed *in forma pauperis* ("IFP") (ECF No. 3).  For the following reasons, Plaintiff's motion for leave to proceed IFP is **GRANTED,** and Plaintiff is **ORDERED** to recast his Complaint on one of the Court's standard forms if he wishes to proceed with this action.

### MOTION TO PROCEED IFP

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  After reviewing Plaintiff's submissions, it appears that Plaintiff is not presently able to pay the cost of commencing this action. Plaintiff's motion to proceed IFP (ECF No. 3) is therefore **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in

the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions also indicate that he is unable to pay an initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the prison where Plaintiff is currently incarcerated. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from

2

Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.    Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.   Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## ORDER TO SUPPLEMENT OR AMEND

Because Plaintiff is a prisoner who is proceeding *in forma pauperis* in this action, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915A and § 1915(e), which require the Court to review every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.   *See* 28 U.S.C. § 1915A(a).   The Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. §1915A(b); *see also* 28 U.S.C. § 1915(e).

3

Plaintiff's claims arise from his treatment on the transport bus operated by the Georgia Diagnostic and Classification Prison ("GDCP"). ECF No. 1 at 5. According to the Complaint, Plaintiff was transported from Lee State Prison to GDCP on January 2, 2024. *Id.* Plaintiff asked a prison guard if he could "cover the heater with something because the heat was burning [Plaintiff's] feet." *Id.* Plaintiff could not move his feet away from the heater because he was in shackles and handcuffs. *Id.* The guard told Plaintiff "no and to tough it out." *Id.* Plaintiff complained throughout the two-hour trip, but no one addressed the issue. *Id.* Plaintiff ultimately suffered blistering burns to his feet, which were later characterized by a doctor as third degree burns. *Id.* Plaintiff was also denied medical treatment for his burns when he arrived at GDCP. *Id.* Plaintiff names the GDCP warden, Antoine Caldwell, as the only Defendant in this action. *Id.* at 1, 4.

A prisoner who demonstrates that a prison official was deliberately indifferent to a substantial risk of serious harm to the prisoner's health or safety can state a constitutional claim. *Christmas v. Nabors*, 76 F.4th 1320, 1331 (11th Cir. 2023). Similarly, a prisoner who demonstrates that a prison official was deliberately indifferent to a serious medical need can also state a constitutional claim. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A plaintiff who seeks to establish a defendant's deliberate indifference must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en

banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)).

Plaintiff does not specifically mention Defendant Caldwell in his statement of claims or explain how Defendant Caldwell was deliberately indifferent.   *See* ECF No. 1 at 5.   The Court therefore assumes that Plaintiff is attempting to sue Defendant Caldwell in his supervisory capacity as the warden of the prison.   It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.   *See, e.g., Christmas*, 76 F.4th at 1330; *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Rather, supervisors can only be held liable under § 1983 if they personally participated in unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation.   *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013).   A causal connection can be established if

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.*   "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."   *Id.* (internal quotation marks omitted).

In this case, Plaintiff does not allege facts that could show a history of widespread abuse, an improper custom or policy, or that Defendant Caldwell knew his subordinates would violate Plaintiff's constitutional rights and failed to stop them.   And Plaintiff has

not named as Defendants in this action any of the individual transport officers who may have been deliberately indifferent to the dangerous condition created by the van's heater or Plaintiff's need for medical attention.   Plaintiff's Complaint, as pleaded, therefore fails to state a claim upon which relief may be granted.

Because Plaintiff is acting *pro se*, the Court will give him an opportunity to file an amended complaint that will address these deficiencies.   *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it.").   If Plaintiff wishes to pursue his claims, then he is **ORDERED** to recast his Complaint on one of the Court's standard forms.   The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit.   Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.   Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)   *What* did this defendant do (or not do) to violate your rights?   In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role?   Was the defendant personally

involved in the constitutional violation?  If not, did his actions otherwise cause the unconstitutional action?  How do you know?

(2)    *When* and *where* did each action occur (to the extent memory allows)?

(3)    *How* were you injured as a result of this defendant's actions or decisions?  If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)    *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)    *What* did this defendant do (or not do) in response to this knowledge?

(6)    *What* relief do you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he need not attach supporting documents to his recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.  *See* Fed. R. Civ. P. 8.  If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

**The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1).  Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.**  The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable

7

claim.   Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff.   Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint on this form.

### CONCLUSION

For the foregoing reasons, Plaintiff's motions for leave to proceed *in forma pauperis* (ECF No. 3) is **GRANTED,** and Plaintiff must submit his recast complaint as directed above within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with his claims.   Plaintiff is further directed to immediately inform the Court in writing of any change in his mailing address.   **Failure to fully and timely comply with this Order may result in the dismissal of Plaintiff's Complaint.**   There will be no service of process in this case until further order.

**SO ORDERED**, this 23rd day of February, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge