IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

LEONARD STRICKLAND,          :
                             :
        Plaintiff,           :
                             :
v.                           :          Case No. 5:25-cv-489-MTT-CHW
                             :
ANTOINE CALDWELL,            :
                             :
        Defendant.           :
_____    :

### ORDER

Pending before the Court is a Complaint filed by *pro se* Plaintiff Leonard Strickland, a prisoner currently incarcerated at the Coastal State Prison in Garden City, Georgia (ECF No. 1). On February 23, 2026, the Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered Plaintiff to recast his Complaint on one of the Court's standard forms. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this case. *See generally* ECF No. 4. Within the time for compliance, Plaintiff filed a motion requesting additional time to submit a recast complaint (ECF No. 5). The Court granted Plaintiff's motion and directed him to file the recast complaint by April 17, 2026 (ECF No. 6).

The time for compliance has expired, and Plaintiff has not filed a recast complaint, although he did file a motion for appointed counsel (ECF No. 7) and a letter regarding his motion for appointed counsel (ECF No. 8). In these documents, Plaintiff contends that the prison "has made it impossible for [him] to meet the deadline set by the Court." ECF No.

8 at 1.  Plaintiff contends he has had no response to his requests for law library access and that the prison does not have a notary available to notarize his recast complaint "or any other legal forms."  *Id.* at 1-2.  Plaintiff also states that he has been unable to obtain copies of forms needed to submit a request under the Freedom of Information Act ("FOIA").  *Id.*  Plaintiff contends he needs to submit a FOIA request to obtain the names of two of the Defendants in this case.  *Id.*  He thus asks "that the deadline in this case to be frozen till the Court has decided if it will appoint counsel to this case."  *Id.* at 2-3.

To the extent Plaintiff requests appointed counsel, "[a]ppointment of counsel in a civil case is not a constitutional right."  *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).  "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion."  *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)).  In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination."  The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and the accompanying letter and after considering the factors outlined above concludes that the appointment of counsel is not justified.  Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses.

While it may be true that Plaintiff is encountering some difficulty in litigating this case due to his incarceration, Plaintiff has not explained why these difficulties have prevented him from recasting his complaint.  As the Court explained to Plaintiff, he does not need to use legal terminology or cite to any particular statutes or cases to state a claim, and he therefore should not require an attorney or even law library access to file a recast complaint.  ECF No. 4 at 7.  Similarly, Plaintiff's recast complaint does not need to be notarized, and Plaintiff does not explain why he would otherwise require access to a notary.[1]  Finally, the fact that Plaintiff has not yet been able to ascertain the names of two additional Defendants in this case is not a sufficiently extraordinary circumstance to

---

[1] If Plaintiff wishes to submit an unsworn declaration to support his claims, he does not need a notary to do so.  An unsworn declaration may "substitute for a sworn affidavit or sworn declaration for purposes of summary judgment" if the declarant (1) signs and dates the document, (2) subscribes the content of the documents as "true under penalty of perjury," and (3) uses "substantially the following form: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date). (Signature).'"  *Roy v. Ivy*, 53 F.4th 1338, 1347-48 (11th Cir. 2022) (quoting 28 U.S.C. § 1746(2)).

warrant the appointment of counsel.  Although "fictitious party pleading is not permitted in federal court" as a general rule, *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010), there is a "limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *See id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)).  Therefore, to proceed against an unnamed defendant, a plaintiff may provide a description of the defendant that is "sufficiently clear to allow service of process" on that defendant.  *Dean*, 951 F.2d at 1216 (finding that plaintiff should have been allowed to add "Chief Deputy of the Jefferson County Jail John Doe" as a defendant).  Plaintiff has not alleged that he cannot take advantage of this limited exception.

In short, Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).  As such, Plaintiff's motion for appointment of counsel (ECF No. 7) is **DENIED**.[2]  Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

---

[2] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  The statute does not, however, provide any funding to pay counsel for their representation or authorize courts to compel counsel to represent an indigent party in a civil action. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (stating that district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).

The Court will also grant Plaintiff an additional **TWENTY-ONE (21) DAYS** to file a recast complaint on the Court's standard form. **Failure to fully and timely comply with this Order will likely result in the dismissal of this case.** Plaintiff is also reminded of his obligation to notify the Court immediately and in writing of any change in his mailing address. There shall be no service of process until further order of the Court.

    **SO ORDERED**, this 30th day of April, 2026.

                    s/ Charles H. Weigle
                    Charles H. Weigle
                    United States Magistrate Judge