**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **LEONARD STRICKLAND,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 5:25-cv-489-MTT-CHW** |
| **WARDEN ANTOINE CALDWELL** ***et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Leonard Strickland has filed a Recast Complaint (ECF No. 11). His claims are now ripe for review pursuant to 28 U.S.C. § 1915A and § 1915(e). For the following reasons, Plaintiff's Eighth Amendment claims shall proceed for further factual development against Defendants Officer 1, Officer 2, and Caldwell.

**PRELIMINARY REVIEW OF PLAINTIFF'S RECAST COMPLAINT**

**I. Standard of Review**

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. *Pro se* pleadings are held "to a less stringent standard than a pleading drafted by an attorney; a pro se pleading is liberally

construed." *Danglar v. Dep't of Corr.*, 50 F.4th 54, 56 n.4 (11th Cir. 2022) (quoting *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015)). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II. Factual Allegations

Plaintiff's claims arise from his treatment on a transport bus from the Georgia Diagnostic and Classification Prison ("GDCP") that was taking him from Lee State Prison to GDCP on January 2, 2024. ECF No. 11 at 5. According to the Recast Complaint, Plaintiff was shackled and handcuffed during the transport. *Id.*[1] He contends that "within the first 10 minutes the air from the heater under the seat in front of [him] was burning both of [his] feet." *Id.* He asked an officer in the vehicle if he could "could cover [the heater] or turn it down because it was burning [his] feet." *Id.* The officer told him "no" and told him to "tough it out." *Id.* The ride lasted "approximately 2 hours with no breaks." *Id.* During this time, Plaintiff told both officers in the vehicle "repeatedly that [his] feet were

[1] The Recast Complaint is the operative pleading in this action. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (holding that generally, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averment against his adversary" (alteration in original) (citation omitted)); *see also* ECF No. 4 at 7-8. It is not entirely clear from the Recast Complaint whether Plaintiff still intends to sue Antoine Caldwell, the warden of GDCP, as a Defendant in this action. As explained below, however, Defendant Caldwell is in a position to assist Plaintiff in ascertaining the identities of the "John Doe" officers who were responsible for transporting Plaintiff to GDCP. As such, the Court will retain Defendant Caldwell as a Defendant in this action.

burning and [he] needed medical attention." *Id.* By the time the bus arrived at GDCP, Plaintiff's "rubber slides had melted apart," and he "had to walk with nothing but socks on [his] burnt feet." *Id.*

Plaintiff alleges he was denied medical attention throughout the orientation process at GDCP, which lasted three days. ECF No. 11 at 5. Ultimately, he was sent to Grady Hospital in Atlanta and spent 18 days in the burn unit there. *Id.* A doctor at Grady told Plaintiff "that the burns could be third degree." *Id.* After returning to GDCP, Plaintiff spent another 18 days in the infirmary, where he was bedridden. *Id.* He spent another seven months in a wheelchair and required daily bandage changes until his burns healed. *Id.*

Plaintiff names the two officers in the transport vehicle—Officer 1 and Officer 2—and Antoine Caldwell, the warden of GDCP, as Defendants in this action. ECF No. 1 at 1; ECF No. 11 at 4. He contends these Defendants violated his constitutional rights, and as a result he seeks injunctive relief, compensatory damages, a jury trial, costs, and "any additional relief the Court deems just, proper and equitable." ECF No. 11 at 6.

## III. Plaintiff's Claims

### A. Eighth Amendment Excessive Force or Conditions-of-Confinement Claims

Plaintiff's claims about the conditions of his transport arise under the Eighth Amendment, which prohibits cruel and unusual punishment of a convicted prisoner. *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). His claims may be analyzed as a

challenge to the conditions of his confinement in the transport vehicle or as a claim for the use of excessive force. *See Patel v. Lanier Cnty. Ga.*, 969 F.3d 1173, 1191 n.6 (11th Cir. 2020) (noting that pretrial detainee's claim that defendants placed and held him "in a hot, unventilated, un-air-conditioned van for transport between jails can be understood as an application of force . . . even if it might also have been pleaded (and analyzed) as a conditions-of-confinement claim").

A conditions-of-confinement case has "*both* objective *and* subjective components." *Christmas v. Nabors*, 76 F.4th 1320, 1331 (11th Cir. 2023). To state a claim, an inmate must first show that the deprivations he suffers are objectively and sufficiently serious or extreme so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). This standard is only met when the challenged condition "pose[s] an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (first alteration in original) (internal quotation marks omitted), or if society "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *Helling v. McKinney*, 509 U.S. 25, 36 (1993). To meet the subjective standard in a prison conditions case, a plaintiff must show that the prison official acted with deliberate indifference to a serious risk of harm to the prisoner. *Thomas*, 614 F.3d at 1304; *Christmas*, 76 F.4th at 1331. This requires a plaintiff to plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk

of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law[.]'" *Wade*, 106 F.4th at 1255 (first citing *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020); and then quoting *Farmer*, 511 U.S. at 839). Subjective awareness requires that the defendant "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (quoting *Farmer*, 511 U.S. at 837). To establish that a particular "defendant acted with 'subjective recklessness as used in the criminal law'" the plaintiff must allege "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1255.

The Eighth Amendment's prohibition against cruel and unusual punishment forbids the "unnecessary and wanton infliction of pain," including the use of excessive force. *Moore v. Hunter*, 847 F. App'x 694, 697 (11th Cir. 2021) (quoting *Thomas*, 614 F.3d at 1303). A claim that prison officials used excessive force against an inmate "requires a two-prong showing: an objective showing of a deprivation or injury that is sufficiently serious to constitute a denial of the minimal civilized measure of life's necessities and a subjective showing that the official had a sufficiently culpable state of mind." *Id.* (quoting *Thomas*, 614 F.3d at 1304). To show subjective intent, the prisoner must show that a prison official applied force to a prisoner "maliciously and sadistically to cause harm" rather than "in a good faith effort to maintain or restore discipline." *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21

(1986)), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009)); *Williams v. Radford*, 64 F.4th 1185, 1195 (11th Cir. 2023). To determine whether force was applied maliciously or sadistically to cause harm, the court considers factors which include:

> (1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

*Williams*, 64 F.4th at 1195 (quoting *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999)).

In this case, Plaintiff alleges that Defendants Officers 1 and 2 refused to cover the heater, turn it down, move Plaintiff, or take any other action after he repeatedly stated that he was being burned. He also alleges that he endured these conditions "for approximately 2 hrs with no breaks," and the heat was so extreme that it melted his shoes and caused serious burns. ECF No. 11 at 5. These allegations are sufficient to show that Officers 1 and 2 were deliberately indifferent to the conditions in which Plaintiff was confined or that they used excessive force against him. *Cf., e.g., Patel*, 969 F.3d at 1191 (holding that officer used excessive force against pretrial detainee when he left him in unventilated car with no air conditioning for more than two hours, causing detainee to suffer heat exhaustion and related ailments). As the Court previously observed, however, Plaintiff does not know the names of Officers 1 and 2, and "fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Plaintiff has also

been unable to provide a description that would be sufficient to identify the unnamed officials so that process can be served on them. *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992); *see also Richardson*, 598 F.3d at 738 (plaintiff's description of "John Doe (Unknown Legal Name, Guard, Charlotte Correctional Institution" was "insufficient to identify the defendant among the many guards employed at CCI").

While it appears discovery may reveal the true names of Officers 1 and 2, and this is "a relevant consideration when determining whether a plaintiff can pursue a claim against an unnamed defendant[,]" it is not sufficient absent some way of identifying these Defendants for service. *Vielma v. Gruler*, 808 F. App'x 872, 880-81 (11th Cir. 2020) (observing that "our precedent has never permitted John Doe pleading solely on the ground that discovery might reveal an unnamed defendant's identity" instead requiring "an unambiguous description of a defendant that enables service of process"). Plaintiff's claims against Officers 1 and 2 are therefore subject to dismissal.

The Court, however, will not recommend dismissal of the claims against Officers 1 and 2 at this time given that these claims could be barred by the applicable statute of limitations if Plaintiff is forced to refile them. In addition, the Eleventh Circuit has noted that that a prisoner-plaintiff may face difficulty in ascertaining the alleged wrongdoer and observed that "district courts [should] assist prisoners in discovering the identity of the proper defendants." *Brown v. Sikes,* 212 F.3d 1205, 1209 n.4 (11th Cir. 2000). They have therefore approved of a prisoner suing a "high ranking prison official[]" solely because that individual may be "in a position to identify the individuals who are actually

and directly responsible" for the alleged constitutional violations. *Id.* at 1208-09. It is thus reasonable to allow Plaintiff's Eighth Amendment claims concerning the conditions of his transport to also proceed for further factual development against Defendant Caldwell. If discovery reveals the identities of Officers 1 and 2, then Plaintiff should move to amend his pleadings to name them as parties. *Vielma*, 792 F.3d at 872. Defendant Caldwell may, of course, respond and "assert his own noninvolvement, if that is the case, and designate those who would likely have been responsible for whatever deprivation may have occurred." *Brown*, 212 F.3d at 1209 (quoting *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981)).

B. Medical Treatment Claims

Plaintiff also alleges that he was not provided with adequate medical treatment after he was burned. A prisoner who demonstrates that a prison official was deliberately indifferent to his serious medical needs can state a constitutional claim. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To do so, a plaintiff must allege facts sufficient to establish: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).

The first element is objective and requires a plaintiff to set forth a "serious medical need," which is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted). A serious

medical need can also arise if "a delay in treating the need worsens the condition." *Mann,* 588 F.3d at 1307. "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'" *Id.* (quoting *Farrow*, 320 F.3d at 1243).

As explained above, to establish the second element—deliberate indifference—a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law[.]'" *Wade*, 106 F.4th at 1255 (first citing *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 (11th Cir. 2020); and then quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)). The final element simply requires "that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007). "[A]s with any tort claim, [plaintiff] must show that the injury was caused by the defendant's wrongful conduct." *Id.* at 1326.

In this case, Plaintiff has alleged facts sufficient to show that his burns were serious medical needs that required extensive treatment. He has also alleged that he "repeatedly" told Officers 1 and 2 that his "feet were burning and [he] needed medical attention." ECF No. 11 at 5. These complaints, in conjunction with the fact that Plaintiff had clearly been subjected to extreme heat given that his rubber slides had melted and that he suffered apparent third-degree burns, suggest that Officers 1 and 2 were deliberately indifferent to Plaintiff's serious medical needs. *See id.* At this stage, the Court cannot say that Plaintiff's Eighth Amendment medical treatment claims against these Defendants are necessarily frivolous. Although Officers 1 and 2 cannot be identified for service, as

explained above, the Court declines to dismiss them at this time, and Defendant Caldwell will also be served with regard to these claims. *Brown*, 212 F.3d at 1208-09.[2]

## CONCLUSION

For the foregoing reasons, Plaintiff's Eighth Amendment claims shall proceed for further factual development against Defendants Officer 1, Officer 2, and Caldwell.

## ORDER FOR SERVICE

Based on the foregoing, it is accordingly **ORDERED** that service be made on Defendant Caldwell and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. All Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil

[2] Plaintiff has not named any other individuals at GDCP as Defendants in connection with his allegations that he did not receive medical treatment for his burns or pain at GDCP for at least three days.

Procedure for failure to prosecute. All Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS,**
**PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties

are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal

Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**IT IS FURTHER ORDERED** that Defendants comply with the attached "Required Disclosure of the Existence of Video or Photographic Evidence When Plaintiff Files Suit Against One or More Georgia Department of Corrections Employees Relating to Events That Occurred During Plaintiff's Incarceration within the Georgia Department of Corrections."

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED** , this 4th day of September, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

**REQUIRED DISCLOSURE OF THE EXISTENCE OF VIDEO OR PHOTOGRAPHIC EVIDENCE WHEN PLAINTIFF FILES SUIT AGAINST ONE OR MORE GEORGIA DEPARTMENT OF CORRECTIONS EMPLOYEES RELATING TO EVENTS THAT OCCURRED DURING PLAINTIFF'S INCARCERATION WITHIN THE GEORGIA DEPARTMENT OF CORRECTIONS**

Counsel for the Defendants shall confer with the Defendants and with appropriate Georgia Department of Corrections ("GDC") staff, and no later than 30 days from the date of entry of this Required Disclosure file the following disclosures:

(1) State whether, at the time of the incident alleged in the complaint, the facility had stationary or mounted cameras in the area where that incident allegedly occurred.

(2) If so, state whether those cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and the identity of the custodian of the recordings. If the recordings have not been preserved, explain in detail why.

(3) State whether body-worn or handheld cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and identify the custodian of the recordings. If the recordings have not been preserved, explain in detail why.

(4) If Plaintiff complains of a use of force (either anticipated, spontaneous, or unanticipated) as that term is defined in the GDC Standard Operating Procedure, Use of Video Recording Equipment, Policy No. 204.11, and the GDC Standard Operating Procedure, Use of Force and Restraint for Offender Control, Policy No. 209.04, identify the custodian of any recordings of the events alleged. If there are no available recordings, explain in detail why the events were not recorded or, if recorded but no longer available, why the recordings were not preserved.

(5) Identify all GDC employees contacted to gather the information required by this disclosure.

Counsel is directed to preserve all video recordings and any photographs that may have captured the events giving rise to the complaint. Failure to do so may result in the imposition of sanctions.